**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KIERSTAN LOVETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-03106-NCC |
| ) | |
| MERCY REHAB HOSPITAL ST. LOUIS, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the second motion of plaintiff Kierstan Lovett for leave to commence this civil action without payment of the required filing fee. (ECF No. 8). Because plaintiff's motion does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will direct plaintiff to pay the full filing fee or file a third amended Application to Proceed in District Court without Prepaying Fees or Costs. The Court warns plaintiff that her failure to comply with this Order could result in dismissal of this action.

**Background**

On November 15, 2019, plaintiff filed her first motion for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). On February 21, 2020, plaintiff filed a letter to the Court stating that she had been receiving unemployment benefits but did not list the amount of her benefits, how many payments she received, or when they were deposited into her account as income. (ECF No. 6). On March 18, 2020, the Court issued an Order directing plaintiff to either pay the $400 filing fee or submit an Amended Application to Proceed

in District Court without Prepaying Fees or Costs ("Application").  (ECF No. 7).  In its Order, the Court noted the following deficiencies:

> Plaintiff did not complete the following portions of the Application: (1) gross pay or wages; (2) take-home pay or wages; (3) income received in the past twelve months other than wages; (4) checking and savings account balances; and (5) values of any property owned, including, but not limited to, automobiles, real estate, stocks, bonds, security, and jewelry.

On March 30, 2020, plaintiff filed a second motion for leave to commence this civil action without payment of the required filing fee.  (ECF. No. 8).  Plaintiff did not comply with the Court's March 18, 2020 Order.  The Amended Application contains the same deficiencies as her original Application.  The Amended Application which directs plaintiff to include all income from the past twelve (12) months has been left blank.  Although she claims to have received unemployment benefits within the past year, she does not list those amounts.  Moreover, plaintiff's complaint alleges she was employed by defendant Mercy Rehab Hospital St. Louis between April 15, 2019 and September 9, 2019.  (ECF No. 1 at 3).  Plaintiff does not include those wages in her Application.  Plaintiff has also left blank the section requiring her to list bank balances and assets.

## Discussion

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  *In forma pauperis* status is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that she is "absolutely destitute," but she must demonstrate that, because

2

of her poverty, she cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In order to demonstrate a litigant's inability to pay a civil filing fee, Local Rule 2.05(B) of the United States District Court for the Eastern District of Missouri provides: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court.  The Court may require the submission of additional information in a particular case."

 In this case, the Court cannot assess whether plaintiff should be granted *in forma pauperis* status because she has not provided the Court with the financial information requested in the Application and by this Court's Order.  Both Applications that plaintiff has filed with the Court are largely blank.  Plaintiff purports to have been employed within the past 12 months and also states she has received unemployment benefits; however, she does not include an itemization of those incomes as required by the Application.  Plaintiff's incomplete responses as to income and assets are inadequate to convey her personal financial situation.

As a result of plaintiff's failure to provide the required financial information, the Court cannot rule on her motion to proceed *in forma pauperis* in this matter.  Plaintiff must either provide the required financial information as detailed in the Application or pay the full filing fee in order for this case to proceed.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $400 filing fee or submit the completed Application to Proceed in District Court without Prepaying Fees or Costs, in accordance with the instructions set forth herein, within **fourteen (14) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

Dated this 27th day of May, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE