# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KIERSTAN LOVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3106-NCC |
| | ) | |
| MERCY REHAB HOSPITAL ST. LOUIS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on review of plaintiff's motions to proceed *in forma pauperis*. ECF Nos. 2, 8. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, national origin, and color, and for retaliation. Based on plaintiff's financial affidavits and documents filed in support, plaintiff's motion will be granted. *See* 28 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### **Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-

specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).  *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination, retaliation, and

harassment based on race, national origin, and color. Plaintiff additionally asserts that she was discriminated against on the basis of her "hair, features" and "appearance." Plaintiff briefly describes her discrimination claim as follows:

> The facts are I was trained by a white female and when I applied those, said trained process[es]; I was yelled at and told I was implementing the process incorrectly, numerous times. I was the only human being in the department that received belittling. For example, no one else had an object thrown in their direction. And the department and individuals took part by allowing the discrimination behavior.

(ECF No. 1 at 6).

Plaintiff further alleges she was retaliated against "for going to human resources, who failed to act in plaintiff's best interest due to HR's personal and professional relationship with Amanda Lester." Plaintiff describes her request for relief as follows: "I want for the courts to seek justice on my behalf when they discover the validity of my claims." (ECF No. 1 at 7).

**Discussion**

Title VII of the Civil Rights Act of 1964 protects employees from discrimination on the basis of race, color, religion, sex, or national origin. *See Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999). To establish a prima facie case of employment discrimination under Title VII, plaintiff must show that she: (1) is a member of a protected class; (2) was qualified for her position; and (3) suffered an adverse employment action under circumstances permitting an inference that the action was the result of unlawful discrimination. *See Johnson v. Ready Mixed Concrete Co.*, 424 F.3d 806, 810 (8th Cir. 2005) (citing *Habib v. NationsBank*, 279 F.3d 563, 566 (8th Cir. 2001)).

Liberally construing plaintiff's allegations, the Court cannot find that she has stated a prima facie case of employment discrimination because plaintiff has not alleged in her complaint that she is a member of a protected class or that the discrimination was *based on* her race,

national origin, or color.  Plaintiff alleges she was trained by a white female and was subsequently yelled at by her coworkers for "implementing the process incorrectly."  Plaintiff states she was "the only human being in the department that received the belittling" and that on one occasion during her employment "an object [was] thrown in [her] direction."  Although these allegations evidence an unprofessional workplace, they do not permit the inference that the actions of defendants were the direct result of unlawful discrimination.  Plaintiff has not provided any facts that the Court can construe as discrimination based on her race, national origin, or color.  *See Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Additionally, to establish a prima facie case for retaliation, a plaintiff must show "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events."  *Lockridge v. HBE Corp.*, 543 F. Supp. 2d 1048, 1060 (E.D. Mo. 2008).  "Title VII prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII."  *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002) (finding no protected activity where plaintiff complained she was entitled to a pay raise, but did not attribute employer's failure to give her a raise to discrimination).  "[N]ot every complaint about conditions in the workplace, legitimate or otherwise, constitutes a protected activity; retaliation in response to an activity that is not protected does not support a retaliation claim."  *Lockridge*, 543 F. Supp. 2d at 1060.  *Dunbar v. Johnson*, 2017 WL 6387694, at *1 (E.D. Mo. Dec. 14, 2017).

4

Liberally construing plaintiff's allegations, the Court cannot find that she has stated a prima facie case of retaliation. Plaintiff's complaint does not include a description of her race, national origin, or color. Plaintiff does not allege that she complained to her employer about harassment or discrimination *based on* race, national origin, or color. Plaintiff also does not allege any facts to support that an adverse employment action was taken against her as a result of any protected activity. To the contrary, plaintiff alleges that the human resource department "failed to act in plaintiff's best interest due to HR's personal and professional relationship with Amanda Lester." Thus, plaintiff attributes her employer's failure to act based on the personal relationship the human resource department had with her supervisor and not because of unlawful discrimination. The Court has no facts from which it could draw any inference of a causal connection between an activity protected under Title VII and an adverse employment action. Although plaintiff's complaints may be legitimate and her working conditions may be unacceptable, she has not sufficiently alleged she engaged in statutorily protected activity or that she was retaliated against because of that protected activity.

Additionally, Title VII provides a remedy only against an employer. The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo–Hagen v. Clay Central–Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997)); *see also Bales v. Wal–Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against her supervisors and/or co-workers, Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo, as individuals, fail to state a claim upon which relief can be granted and are subject to dismissal.

5

Because plaintiff's claims are serious in nature, the Court will provide plaintiff an opportunity to amend her allegations. Accordingly, plaintiff will be required to file an amended complaint, on a court form, containing all of the allegations she wishes to bring against her employer. Plaintiff shall have twenty-one (21) days from the date of this Order to file her amended complaint. Plaintiff is warned that the filing of the amended complaint *completely replaces* the original and any supplemental complaints, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If Plaintiff fails to file her amended complaint within twenty-one (21) days, the Court will dismiss this action without prejudice.

The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel in addition to her complaint in this action. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-

frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for leave to proceed *in forma pauperis* (ECF Nos. 2 and 8) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED** at this time.

Dated this 23rd day of July, 2020.

   /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE