# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KIERSTAN LOVETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CV-3106-NCC |
| MERCY REHAB HOSPITAL ST. LOUIS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of an amended complaint by self-represented plaintiff Kierstan Lovett. ECF No. 12. The Court previously granted plaintiff *in forma pauperis* status and reviewed her original complaint under 28 U.S.C. § 1915. ECF No. 11. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. For the reasons discussed below, the Court will give plaintiff a second opportunity to file an amended complaint.

## The Complaint

Plaintiff filed this action on November 15, 2019 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination, retaliation, and harassment based on race, national origin, and color. ECF No. 1. Plaintiff named as defendants her previous employer, Mercy Rehab Hospital St. Louis ("MRHSL"), and supervisors and/or co-workers Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo. Plaintiff described her discrimination claim as follows:

> The facts are I was trained by a white female and when I applied those, said trained process[es]; I was yelled at and told I was implementing the process incorrectly, numerous times. I was the only human being in the department that received

> belittling. For example, no one else had an object thrown in their direction. And the department and individuals took part by allowing the discrimination behavior.

ECF No. 1 at 6.

Plaintiff further alleged she was retaliated against "for going to human resources, who failed to act in plaintiff's best interest due to HR's personal and professional relationship with Amanda Lester." Plaintiff described her request for relief as follows: "I want for the courts to seek justice on my behalf when they discover the validity of my claims." ECF No. 1 at 7.

On July 23, 2020, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 11. The Court determined plaintiff did not state a prima facie case of employment discrimination because of her failure to allege she was a member of a protected class and that the discrimination was based on her race, national origin, or color. ECF No. 11 at 3-4. The Court explained:

> Plaintiff alleges she was trained by a white female and was subsequently yelled at by her coworkers for "implementing the process incorrectly." Plaintiff states she was "the only human being in the department that received the belittling" and that on one occasion during her employment "an object [was] thrown in [her] direction." Although these allegations evidence an unprofessional workplace, they do not permit the inference that the actions of defendants were the direct result of unlawful discrimination.

ECF No. 11 at 4.

The Court further determined plaintiff failed to state a prima facie case of retaliation because she did not include a description of her race, national origin, or color; failed to allege she complained to her employer about harassment or discrimination based on race, national origin, or color; and did not include facts to support that an adverse employment action was taken against her as a result of any protected activity. The Court explained:

> [P]laintiff alleges that the human resource department "failed to act in plaintiff's best interest due to HR's personal and professional relationship with Amanda Lester." Thus, plaintiff attributes her employer's failure to act based on the

2

>personal relationship the human resource department had with her supervisor and not because of unlawful discrimination. The Court has no facts from which it could draw any inference of a causal connection between an activity protected under Title VII and an adverse employment action. Although plaintiff's complaints may be legitimate and her working conditions may be unacceptable, she has not sufficiently alleged she engaged in statutorily protected activity or that she was retaliated against because of that protected activity.

ECF No. 11 at 5.

The Court further noted that Title VII only provides a remedy against an employer. ECF No. 11 at 5 (citing *Bonomolo–Hagen v. Clay Central–Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII."). As a result, the Court stated that "plaintiff's claims against her supervisors and/or co-workers, Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo, as individuals, fail to state a claim upon which relief can be granted and are subject to dismissal."

Because plaintiff's claims were serious in nature, the Court provided plaintiff an opportunity to amend her allegations. The Court gave plaintiff instructions on how to properly amend her complaint. Citing to Rules 8 and 10 of the Federal Rules of Civil Procedure, plaintiff was directed to submit an amended complaint containing a short and plain statement of the claim and a proper demand for the relief sought. Plaintiff was further directed to state her claims in separately numbered paragraphs. Plaintiff was warned that after the filing of her amended complaint, the Court would review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.

**Amended Complaint**

On August 24, 2020, plaintiff filed her amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination based on race, color (black), gender (female), and age (32).[1]  ECF No. 12.  In the "other" section for basis of discrimination, plaintiff further indicates discrimination based on "physical appearance, hair natural, plus sized stature."  Plaintiff checked the boxes on the form complaint to indicate she was subjected to various unlawful employment practices, including termination of her employment, failure to promote, different terms and conditions from those of similar employees, retaliation, and harassment.

Plaintiff names the same defendants as in her original complaint, MRHSL, Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo, as well as two additional defendants, Rose LaVallee and Kathy Aldenderfer.  In the section designated to describe the essential facts of her claim and each defendant's involvement, plaintiff wrote:

> The constant aggressive verbiage from supervisor Amanda Lester and coworker Ashley (Kirk) Zimmerman and human resources Georgia Primo. The medical records department has a known reputation for harassing new hires until they force the new hire to quit or resign. I had no other options career wise to resign.

ECF No. 12 at 5.

In the "Request for Relief" section plaintiff writes:

> I ask the Courts seek [sic] the maximum for each offense violated/committed by Amanda Lester, human resources Georgia Primo, Ashley (Kirk) Zimmerman and the medical records department, being I have endured mental, emotional, physical anguish, allowed by Mercy Rehabilitation hospital St. Louis and its staff. I ask the maximum for each account EEOC found deemable [sic] in administering the Right to Sue Letter.

ECF No. 12 at 7.

---

[1] Plaintiff's amended complaint was due on August 13, 2020.  Although her amended complaint is untimely, the Court recognizes plaintiff is a self-represented litigant, and will permit the late filing. The Court, however, reminds plaintiff she is required to comply with the rules and orders of this Court despite her choice to proceed without legal counsel.

Attached to the amended complaint is 165 pages of supporting documents, including a nine-page, single-spaced typed letter to "Judge Noelle, Jury & To Whom This May Concern," which the Court construes as her statement of the claim. ECF No. 12-2 at 3-11. The attached letter is not broken up by paragraphs and is difficult to follow. Throughout the letter plaintiff refers to various documents with the indications "SEE DOC" OR "SEE EMAILS." These notations do not clearly identify which documents in the 165-page attachment plaintiff intends to reference. The majority of the letter is a lengthy narrative of her daily tasks, the ways in which she performed those tasks, and the processes for using MRHSL's computer database. The letter complains her supervisors held her to "an insidiously different standard that incorporated intimidation, bullying, and retaliation tactics daily" and the human resource department failed to "rectify any miscommunication barriers, unwanted harassment, mental and physical anguish." ECF No. 12-2 at 4-5. Plaintiff alleges she performed her job proficiently despite not receiving proper training or the necessary computer log-in credentials. ECF No. 12-2 at 5. Plaintiff asserts her disagreement with her supervisor's assessments of her performance, which included official corrective action notices and ultimate termination.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific

task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

### A. Compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure

The Court has reviewed plaintiff's amended complaint and concludes it does not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct."  Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  In the Court's July 23, 2020 Order, plaintiff was explicitly directed to comply with Rules 8 and 10 in filing her amended complaint.  ECF No. 11 at 6.

Plaintiff's amended complaint names six defendants and includes a 164-page supplement. Within the supplement is a nine-page, single-spaced typed letter to "Judge Noelle, Jury & To Whom This May Concern," which the Court construes to be plaintiff's statement of the claim. ECF No. 12-2 at 3-11.  The Court recognizes plaintiff has attempted to comply with the format of the form Employment Discrimination Complaint the Clerk's Office provided to her as a self-represented litigant.  The form complaint is intended to simplify the pleading process while ensuring that certain basic requirements, such as receipt of a right-to-sue notice, have been satisfied.  The essential allegations of plaintiff's amended complaint are ideally suited for use of the form complaint.  Plaintiff, however, failed to properly assert her statement of the claim by submitting a letter which sets forth her allegations in too much detail and in a circuitous stream of consciousness manner that will make it very difficult for the defendants to admit or deny her allegations.  Plaintiff's allegations are not simple, concise or direct, and there are no numbered paragraphs.  Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review her amended complaint pursuant 28 U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged employment discrimination and retaliation claims under Title VII.

The Court will allow plaintiff another opportunity to amend her complaint to bring it into compliance with Rules 8 and 10.  The Court reminds plaintiff that Rule 8(a)(2) sets forth a "notice pleading standard" and simply requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  With this in mind, plaintiff is advised that her claims for relief must be set forth as separately numbered "counts," identifying a claim for relief against whom the claim is brought.  For example: "Count I: Racial Discrimination, against defendant [name]."  **Each count shall then set forth in separate, numbered paragraphs the relevant facts supporting the claim and the relief, such as money damages or equitable relief, that plaintiff seeks for the claim**.  **Plaintiff shall follow the same format with respect to each claim.**  Plaintiff shall not include any introductory paragraphs or facts not related to the specific claim against the specific defendant.  Plaintiff shall also attach copies of her administrative documents, such as the Notice of Right to Sue and Charge of Discrimination, as exhibits to the second amended complaint.

Plaintiff is warned that the second amended complaint will replace all preceding complaints and claims that are not realleged will be deemed abandoned.  Failure to comply with the Court's instructions or the Federal Rules of Civil Procedure may result in the dismissal of this action.

### B.  Exhaustion of Gender and Age Discrimination Claims

The Court further notes that the Charge of Discrimination plaintiff attached to her original complaint indicates she alleged discrimination based on race, color, national origin, and retaliation only.  ECF No. 1-4. The Charge of Discrimination did not include gender or age as a basis for the alleged discriminatory acts.

As a precondition to filing suit in federal court, Title VII requires a plaintiff to exhaust all administrative remedies. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976). "A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing Equal Employment Opportunity Commission ("EEOC") charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claims of discrimination on the basis of her gender and age are not like or reasonably related to her claims of race, color, national origin, and retaliation that she made in her Charge of Discrimination. Thus, because claims of gender and age discrimination were not considered during the EEOC investigation, nor would one expect a claim of gender or age discrimination to be investigated based upon plaintiff's failure to mention or detail allegations of such discrimination, plaintiff's gender and age discrimination claims are subject to dismissal for failure to exhaust administrative remedies. If plaintiff did file a separate Charge of Discrimination with the EEOC alleging gender and age claims, she must attach those administrative documents to her second amended complaint for the Court's review.

**C. Title VII Claims against Co-workers and/or Supervisors**

In this Court's July 23, 2020 Order, plaintiff was informed that Title VII only provides a remedy against an employer. An "employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees." See 42 U.S.C. §§ 2000e(b); 2000e-2(a). The Eighth Circuit has squarely held that individuals, including supervisors, coworkers and managers, may *not* be held individually liable under Title VII. *See Bonomolo-Hagen*, 121 F.3d at 447. As a result, if plaintiff is attempting to sue Amanda Lester, Ashley Kirk Zimmerman, Georgia Primo, Rose LaVallee and Kathy Aldenderfer as individual co-workers or supervisors under Title VII, they will be subject to dismissal when the Court reviews this action under 28 U.S.C. § 1915.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a second amended complaint, in accordance with the instructions set forth above, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file a second amended complaint or fails to comply with the instructions set forth above relating to the filing of the second amended complaint, the Court shall dismiss this action without prejudice.

Dated this 4th day of September, 2020.

                                                /s/ Noelle C. Collins
                                            NOELLE C. COLLINS
                                            UNITED STATES MAGISTRATE JUDGE