**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KIERSTAN LOVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3106-NCC |
| | ) | |
| MERCY REHAB HOSPITAL ST. LOUIS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Kierstan Lovett's submission of 146 pages of documents which the Court construes as supplements to her amended complaint. ECF Nos. 17, 18, 19, 20, 21, 22. For the reasons discussed below, the Court will strike the supplements from the record.

Plaintiff filed this action on November 15, 2019 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination, retaliation, and harassment based on race, national origin, and color. ECF No. 1. Plaintiff named as defendants her previous employer, Mercy Rehab Hospital St. Louis ("Mercy Rehab"), and supervisors and/or co-workers Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo. On July 23, 2020, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and determined it failed to state a claim upon which relief could be granted. ECF No. 11. Because plaintiff's claims were serious in nature, the Court directed plaintiff to amend her complaint and provided specific instructions on how to do so.

Plaintiff filed her amended complaint on August 24, 2020 against the same defendants as in her original complaint as well as two additional defendants, Rose LaVallee and Kathy

Aldenderfer.  ECF No. 12.  Attached to the amended complaint was 165 pages of supporting documents, including a nine-page, single-spaced typed letter to "Judge Noelle, Jury & To Whom This May Concern," which appeared to be her statement of the claim.  ECF No. 12-2 at 3-11. On September 4, 2020, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 and determined it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. ECF No. 16.  Plaintiff was provided with a second opportunity to amend her complaint and the Court, again, included detailed instructions on how to properly assert her claims.

On September 7, 2020, plaintiff sent fifty (50) emails to an employee of the Clerk's Office.  ECF Nos. 17, 18, 19, 20, 21, 22.   Attached to the emails were approximately one hundred and forty-six (146) pages of documents and photographs.  *Id.*   Plaintiff is not permitted to file documents by email correspondence to individual employees of the Clerk's Office.   As per this Court's Public Notice, issued April 9, 2020, self-represented litigants must send all documents and pleadings to MOED_SRL_Filings@moed.uscourts.gov.[1]   **In the future, the Court will not accept or file any documents related to this case that are not directed to the appropriate email box or in compliance with the Court's rules in effect at the time of her filing.**

Because plaintiff is proceeding as a self-represented litigant, the Court will liberally construe plaintiff's fifty (50) emails and attached documents as supplements to her amended complaint as they appear to elaborate on or provide evidence in support of her claims against the

---

[1] For additional information on filing requirements, plaintiff shall review the Court's Public Notice located at: https://www.moed.uscourts.gov/sites/moed/files/documents/news/Notice-04-09-20.pdf. Plaintiff's filings must also comply this Court's Local Rules and the Federal Rules of Civil Procedure.

named defendants. Supplements, however, are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure and the Court will therefore strike the aforementioned documents from the record. **The Court does not accept amendments to the complaint through supplements, declarations, notices or other piecemeal amendments.** *See Popoalii v. Correctional Medical Service*s, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief. The Court directs plaintiff to the August 24, 2020 Order which provides instructions on how plaintiff must file a second amended complaint. ECF No. 16. **The Court reminds plaintiff that failure to comply with the Court's August 24, 2020 Order, the Federal Rules of Civil Procedure, or the Local Rules in filing her second amended complaint may result in the dismissal of this action.** Although plaintiff is proceeding as a self-represented litigant, she must comply with Court Rules and directives.

Accordingly,

**IT IS HEREBY ORDERED** that the supplements to her amended complaint [ECF Nos. 17, 18, 19, 20, 21, 22] are stricken from the record.

Dated this 14th day of September, 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE