UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIERSTAN LOVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3106-NCC |
| | ) | |
| MERCY REHAB HOSPITAL ST. LOUIS, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon self-represented plaintiff Kierstan Lovett's filing of a second amended complaint. ECF No. 24. The Court previously granted plaintiff *in forma pauperis* status and reviewed her original complaint under 28 U.S.C. § 1915. ECF No. 11. Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. Plaintiff filed an amended complaint on August 24, 2020, which the Court again reviewed under 28 U.S.C. § 1915. ECF No. 16. Due to pleading deficiencies, the Court directed plaintiff to file a second amended complaint. For the reasons discussed below, the Court will provide plaintiff a third opportunity to submit a proper complaint.

**The Complaint**

Plaintiff filed this action on November 15, 2019 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination, retaliation, and harassment based on race, national origin, and color. ECF No. 1. Plaintiff named as defendants her previous employer, Mercy Rehab Hospital St. Louis ("MRHSL"), and supervisors and/or co-workers Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo.

On July 23, 2020, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 11. The Court determined plaintiff did not state a prima facie case of employment discrimination or retaliation because she failed to allege she was a member of a protected class; did not assert the discrimination was based on her race, national origin, or color; and did not include facts to support an adverse employment action was taken against her as a result of any protected activity. ECF No. 11 at 3-5.

The Court further noted that Title VII only provides a remedy against an employer. *Id.* at 5 (citing *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII.")). As a result, the Court stated that "plaintiff's claims against her supervisors and/or co-workers, Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo, as individuals, fail to state a claim upon which relief can be granted and are subject to dismissal." *Id.*

Because plaintiff's claims were serious in nature, the Court provided her an opportunity to amend the allegations. The Court gave plaintiff instructions on how to properly amend her complaint. Citing to Rules 8 and 10 of the Federal Rules of Civil Procedure, plaintiff was directed to submit an amended complaint containing a short and plain statement of the claim and a proper demand for the relief sought. Plaintiff was warned that after the filing of her amended complaint, the Court would review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim.

### The Amended Complaint

On August 24, 2020, plaintiff filed an amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination based on race, color (black), gender (female), and age (32).[1]  ECF No. 12.  In the "other" section for basis of discrimination, plaintiff further indicated discrimination based on "physical appearance, hair natural, plus sized stature."  Plaintiff named the same defendants as in her original complaint, MRHSL, Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo, as well as two additional defendants, Rose LaVallee and Kathy Aldenderfer.

Plaintiff asserted she was subjected to various unlawful employment practices, including termination of her employment, failure to promote, different terms and conditions from those of similar employees, retaliation, and harassment.  Attached to the amended complaint was 165 pages of supporting documents, which included a nine-page, single-spaced typed letter to "Judge Noelle, Jury & To Whom This May Concern," which the Court construed as her statement of the claim.  ECF No. 12-2 at 3-11.

The Court reviewed plaintiff's amended complaint and concluded it again did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because her allegations were "not simple, concise or direct, and there [were] no numbered paragraphs."  ECF No. 16 at 7.  The Court explained that plaintiff's non-compliance with Rules 8 and 10 made it challenging for this Court to review her amended complaint pursuant to 28 U.S.C. § 1915 for the purpose of determining whether she sufficiently alleged employment discrimination and retaliation claims under Title VII.  *Id.*  The Court further noted that her Charge of Discrimination did not include gender or age as a basis for the alleged discriminatory acts and, as a result, those claims were subject to dismissal for failure to exhaust her administrative remedies.  *Id.* at 8-9.  Additionally, the Court addressed her Title VII claims against defendant co-workers and/or supervisors:

---

[1] Plaintiff's amended complaint was due on August 13, 2020.  Although her amended complaint was untimely, the Court recognized plaintiff's status as a self-represented litigant and permitted the late filing.

3

> In this Court's July 23, 2020 Order, plaintiff was informed that Title VII only provides a remedy against an employer. An "employer" is a "person engaged in an industry affecting commerce who has fifteen or more employees." See 42 U.S.C. §§ 2000e(b); 2000e-2(a). The Eighth Circuit has squarely held that individuals, including supervisors, coworkers and managers, may not be held individually liable under Title VII. *See Bonomolo-Hagen*, 121 F.3d at 447. As a result, if plaintiff is attempting to sue Amanda Lester, Ashley Kirk Zimmerman, Georgia Primo, Rose LaVallee and Kathy Aldenderfer as individual co-workers or supervisors under Title VII, they will be subject to dismissal when the Court reviews this action under 28 U.S.C. 1915.

*Id.* at 10. The Court again provided plaintiff with instructions on how to properly submit a complaint and directed her to file a second amended complaint.

### The Second Amended Complaint

On September 24, 2020, plaintiff timely filed a second amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination based on race, national origin, and color. ECF No. 24. Plaintiff asserted she was subjected to various unlawful employment practices, including termination of her employment, failure to promote, different terms and conditions from those of similar employees, retaliation, and harassment.

The Court finds this second amended complaint to be deficient because the "Caption" section of the form complaint is blank and fails to state name(s) of the defendant(s) she intends to sue. Moreover, the Court is unable to discern from the body of the complaint the specific defendants she intends to name. Plaintiff has been repeatedly directed by this Court that she must comply with the Federal Rules of Civil Procedure when filing her complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Parties" section on page 2 of the form complaint, plaintiff lists: "Mercy Rehab Hospital St. Louis, Amanda Lester, Georgia Primo, and Ashley (Kirk) Zimmerman" as defendants. However, in the section reserved to state the essential facts of her claim, plaintiff appears to also

4

allege claims against Rose LaVallee, Kathy Aldenderfer, Tammy McKenney, and Amber Sullivan. Plaintiff writes:

> Against Defendants Amanda Lester, the medical records department: Rose LaVallee, Kathy Aldenderfer: And, Tammy McKenney: Amber Sullivan: white females.  Defendants listed; all are white females at plaintiff's previous employer Mercy Rehab hospital St. Louis.  Defendants Tammy McKenney is a Business Manager at the rehab facility who supported the harassment, discrimination, and bullying to plaintiff.
>
> The defendants listed supported one another against plaintiff.  The defendants listed are white females against plaintiff who is of black race and color, national origin of Africa. Plaintiff was targeted by the defendants for not being the same race, color, and national or[i]gin as the defendants.  Plaintiff was treated less favorable than coworker Ashley (Kirk) Zimmerman for following the training and instructions as defendant Zimmerman instructed the plaintiff to follow.  Plaintiff was retaliated against due to color, race, and national origin.

ECF No. 25 at 5-6.

Plaintiff provides an attachment to her second amended complaint in which she brings specific allegations against the following defendants: "Count I: Racial Discrimination Against Defendants: Amanda Lester – white female, Georgia Primo – white female, Ashley (kirk) Zimmerman – white female;" "Count II: Retaliation Against Defendants Amanda Lester – white female, Georgia Primo – white female, Ashley (kirk) Zimmerman – white female;" and "Count III: Harassment against Ashley (kirk) Zimmerman – white female, Amanda Lester – white female, Georgia Primo – white female."  This attachment, which the Court construes as her statement of the claim, does not allege claims against MRHSL, Rose LaVallee, Kathy Aldenderfer, Tammy McKenney, or Amber Sullivan.

Because plaintiff has not completed the Caption section of the form complaint and the body of the complaint provides no clarity as to who plaintiff specifically intends to name as defendants in this action, the Court will permit plaintiff to submit a third amended complaint.

5

**In submitting a third amended complaint, plaintiff must comply with the instructions provided to her in prior Orders of this Court, dated July 23, 2020 and September 4, 2020, ECF Nos. 11, 16, in addition to the instructions provided herein.** Additionally, as addressed in the previous Orders, to the extent plaintiff is attempting to assert Title VII claims against the individual defendants in this matter as her co-workers or supervisors, such claims are subject to dismissal because Title VII only provides a remedy against an employer.

### Order to Amend

Because plaintiff is proceeding as a self-represented litigant, she will be allowed to file a third amended complaint, according to the following instructions and those outlined in the prior Orders of this Court, dated July 23, 2020 and September 4, 2020. *See* ECF Nos. 11, 16.

Plaintiff is advised that the claims she brings before this Court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004).

**The amended complaint will replace the original complaint.** *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on a court-provided employment discrimination form, and she must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.

**In the "Caption" section of the form complaint, plaintiff should write the name of the person(s) she intends to sue**. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). **Plaintiff must avoid naming anyone as a defendant unless that person is directly**

**related to her claim.**  Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state her claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  **In the "Statement of Claim" she shall set forth as to each defendant who is named in the "Caption" the specific factual allegations supporting her claim against the particular defendant, as well as the specific rights that she claims the defendant violated.**

If plaintiff wishes to assert claims under race, age, or disability discrimination, she must state what her race, age, and disability are, and then carefully describe the adverse employment action(s) she believes was taken and why it amounted to discrimination. She must also file copies of her administrative charge and her EEOC right-to-sue letter.

The Clerk of Court will be directed to provide plaintiff with an employment discrimination complaint form. Plaintiff will be given twenty-one days to file an amended complaint along with the required documents.  Upon receipt of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915(e).

Plaintiff is encouraged to contact the Federal Legal Advice Clinic for possible assistance in this matter.  Appointments can be made for a free virtual 30-minute consultation online at www.bamsl.org/federalcourt or by phone at 855-978-7070.  Effective October 7, 2020, all meetings will be scheduled by Zoom platform with sessions available on Wednesdays from 10:00 a.m. – 12:00 p.m.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a third amended complaint, in accordance with the instructions set forth above and in compliance with prior Court Orders in this action, no later than twenty-one (21) days from the date of this Memorandum and Order. Plaintiff shall amend her complaint, on a court-provided form, and submit a copy of her EEOC right to sue letter and charge of discrimination.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide to plaintiff, along with a copy of this Memorandum and Order, a Court form Employment Discrimination Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file an amended complaint or fails to comply with the instructions set forth above relating to the filing of the amended complaint, the Court shall dismiss this action without prejudice and without further notice.

Dated this 1st day of October, 2020.

                                                  /s/ Noelle C. Collins
                                                NOELLE C. COLLINS
                                                UNITED STATES MAGISTRATE JUDGE