**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KIERSTAN LOVETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3106-NCC |
| | ) | |
| MERCY REHAB HOSPITAL ST. LOUIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff Kierstan Lovett's filing of a third amended complaint. ECF No. 28. The Court previously granted plaintiff *in forma pauperis* status. ECF No. 11. The Court has carefully reviewed plaintiff's third amended complaint and for the reasons discussed below, the Court will direct the Clerk of Court to issue process or cause process to issue upon Mercy Rehabilitation Hospital St. Louis, L.L.C. on plaintiff's race discrimination and retaliation claims.

## Background

Plaintiff filed this action on November 15, 2019 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") for employment discrimination, retaliation, and harassment based on race, national origin, and color. ECF No. 1. Plaintiff named as defendants her previous employer, Mercy Rehab Hospital St. Louis, and supervisors and/or co-workers Amanda Lester, Ashley Kirk Zimmerman, and Georgia Primo.

On July 23, 2020, this Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 11. The Court determined plaintiff did not state a prima facie case of employment discrimination or retaliation because she failed to allege she was a member of a

protected class; did not assert the discrimination was based on race, national origin, or color; and did not include facts to support an adverse employment action was taken against her as a result of protected activity. ECF No. 11 at 3-5. The Court further noted Title VII only provides a remedy against an employer. *Id.* at 5. Because plaintiff's claims were serious in nature, the Court provided her with an opportunity to amend her complaint.

On August 24, 2020, plaintiff filed an amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII for employment discrimination based on race, color (black), gender (female), and age (32).[1] ECF No. 12. In the "other" section for basis of discrimination, plaintiff indicated additional discrimination based on "physical appearance, hair natural, plus sized stature." Plaintiff named the same defendants as in her original complaint as well as two additional defendants, Rose LaVallee and Kathy Aldenderfer.

Plaintiff asserted she was subjected to various unlawful employment practices, including termination of her employment, failure to promote, different terms and conditions from those of similar employees, retaliation, and harassment. Attached to the amended complaint was 165 pages of supporting documents, which included a nine-page, single-spaced typed letter to "Judge Noelle, Jury & To Whom This May Concern," which the Court construed as her statement of the claim. ECF No. 12-2 at 3-11.

The Court reviewed plaintiff's amended complaint and concluded it did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure because her allegations were "not simple, concise or direct, and there [were] no numbered paragraphs." ECF No. 16 at 7. The Court

---

[1] Plaintiff's amended complaint was due on August 13, 2020. Although her amended complaint was untimely, the Court recognized plaintiff's status as a self-represented litigant and permitted the late filing.

explained that plaintiff's non-compliance with Rules 8 and 10 made it challenging to review her amended complaint pursuant to 28 U.S.C. § 1915 for the purpose of determining whether she sufficiently alleged employment discrimination and retaliation claims under Title VII. *Id.* The Court further noted her Charge of Discrimination did not include gender or age as a basis for the alleged discriminatory acts and, as a result, those claims were subject to dismissal for failure to exhaust her administrative remedies. *Id.* at 8-9. The Court again instructed plaintiff that Title VII only provides a remedy against an employer. *Id.* at 10. The Court directed plaintiff to file a second amended complaint.

On September 24, 2020, plaintiff timely filed a second amended complaint on a Court-provided Employment Discrimination Complaint form pursuant to Title VII for employment discrimination based on race, national origin, and color. ECF No. 24. Plaintiff asserted she was subjected to various unlawful employment practices, including termination of her employment, failure to promote, different terms and conditions from those of similar employees, retaliation, and harassment.

The Court found the second amended complaint to be deficient because the "Caption" section of the form complaint was blank and failed to state the name(s) of the defendant(s) she intended to sue. ECF No. 25. The Court further noted it was unable to discern from the body of the complaint the specific defendants she intended to name. Plaintiff was provided the opportunity to submit a third amended complaint, which she filed on December 14, 2020. ECF No. 28.

**Third Amended Complaint**

Plaintiff filed her third amended complaint against defendant Mercy Rehab Hospital St. Louis, L.L.C. pursuant to Title VII for claims of employment discrimination based on race

(Count I) and retaliation (Count II).  Attached to her third amended complaint is her Charge of Discrimination and Right-to-Sue letter from the Equal Employment Opportunity Commission ("EEOC") dated September 17, 2019.  ECF No. 28 at 8-10.  Plaintiff filed the instant action on November 15, 2019, which is within her 90-day period for filing suit.

Plaintiff is a black woman who was hired in December of 2016 to work at Mercy Hospital to schedule patient appointments.  On or around April 15, 2019, after receiving good reviews, plaintiff was transferred to Mercy Rehab Hospital to begin a new position as a Health Information Management Technician.  Plaintiff states she was the only black woman in her department.  Plaintiff was assigned a young Caucasian female as her trainer.  Plaintiff alleges she was denied access to passwords, security codes, and proper training for months, which prevented her from independently performing daily job tasks and resulted in her being "bullied and targeted by coworkers."  Plaintiff alleges she reported her dissatisfaction with the training to her supervisor.  She further alleges she sent written requests to defendant for log on credentials and passwords so she could perform her job role.  These requests were allegedly ignored.

Plaintiff states she attended a 60-day evaluation on June 14, 2019 with her supervisor and human resources director in which they allegedly shared countless inaccuracies about her competency to complete her job role and accused her of losing sensitive information.  After this meeting, plaintiff alleges she continued to be subjected to verbal abuse and harassment by coworkers.  On June 19, 2019, plaintiff received a verbal warning from the human resources department and her immediate supervisor.  Plaintiff submitted a written response to the disciplinary action, informing them she "was being harassed, bullied and discriminated due to her race and was being intimidated."  Plaintiff states her response was never addressed and defendant failed to stop the discriminatory behavior of her co-workers.  Plaintiff alleges she was

4

subject to physical violence by her supervisor who threw objects at her.  Plaintiff states she received multiple disciplinary actions which ultimately led to her termination on September 9, 2019.

Plaintiff alleges throughout her employment with defendant she was constantly scrutinized and held to a different standard of performance than her Caucasian coworkers and was not given the same opportunity to be promoted as her Caucasian coworkers.  For example, plaintiff alleges she was the only individual in her department who was required to clock out for lunch.  Plaintiff alleges defendant created a hostile environment by allowing its supervisor, employees, and human resource department to target, harass, and bully plaintiff.  She further alleges her termination was in retaliation for reporting the harassment, intimidation, and bullying by her Caucasian coworkers.

Plaintiff seeks $25,0000 in damages plus back pay, front pay, her costs and attorney's fees, as well as "$250.000" in punitive damages.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a self-represented litigant's complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

**Discussion**

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). "Title VII [also] prohibits employers from retaliating against an employee who is engaged in a protected activity, which can be either opposing an act of discrimination made unlawful by Title VII . . . or participating in an investigation under Title VII." *Hunt v. Nebraska Pub. Power Dist.*, 282 F.3d 1021, 1028 (8th Cir. 2002)

Having reviewed the third amended complaint, including the Charge of Discrimination and the Notice of Right-to-Sue from the EEOC, the Court determines plaintiff has alleged enough for initial review against defendant Mercy Rehabilitation Hospital St. Louis, L.L.C. as to her claims of race discrimination and retaliation. Plaintiff alleges she is a member of a protected class, was subjected to disparate treatment and adverse employment actions because of race, and similarly situated employees of a different race were treated more favorably.  Plaintiff further alleges she engaged in activity protected under Title VII by reporting the discrimination and was retaliated against because of that protected activity.  Therefore, based on the Court's initial review, the Court will order process to issue against defendant.  *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon defendant Mercy Rehabilitation Hospital St. Louis, L.L.C. at: CT Corp System, 120 S. Central Avenue, St. Louis, Missouri 63105.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of December, 2020.

7